## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Imani McCleveland, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   2:22-cv-2071 |
| | ) | |
| IC System, Inc., a Minnesota | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

### COMPLAINT

Plaintiff, Imani McCleveland, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3.      Plaintiff, Imani McCleveland ("McCleveland"), is a resident of the State of Kansas, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for medical services to Pediatrix Medical Group.

4.      Defendant, IC System, Inc. ("ICS"), is Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it

1

did not originate. ICS operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Kansas. In fact, Defendant ICS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant ICS is authorized to conduct business in the State of Kansas, and maintains a registered agent here, see, record from the Kansas Secretary of State, attached as Exhibit A. In fact, Defendant ICS conducts extensive business in Kansas.

**FACTUAL ALLEGATIONS**

6.      Due to financial difficulties, Plaintiff was unable to pay her debts, including a debt she allegedly owed for medical services to Pediatrix Medical Group. Sometime after this debt went into default, Defendant ICS attempted to collect this debt from her via negative credit reporting. Unsure about Defendant ICS, and unsure about the debt, Ms. McCleveland sent ICS a letter on October 15, 2021, telling it to cease contacting her and disputing the debt that ICS was trying to collect from her. A copy of Ms. McCleveland's letter is attached as Exhibit B.

7.      This letter was set via U.S. First Class mail to Defendant ICS and was not returned as undeliverable.

8.      On February 4, 2022, Ms. McCleveland obtained and reviewed copies of her TransUnion and Experian credit reports, which showed that Defendant ICS had continued to report the Pediatrix Medical Group debt, but had failed to note that the debt was disputed. The pertinent parts of Ms. McCleveland's TransUnion and Experian credit reports are attached as Group Exhibit C.

9.     Plaintiff's credit report was viewed by additional potential creditors after she had sent her dispute of the medical debt to Defendant.

10.     Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit reports harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit reports, that the debt was disputed made it appear to Plaintiff that she did not actually have the right to dispute the debt. Defendant's collection actions alarmed, confused and emotionally distressed Ms. McCleveland. Moreover, Defendant's violations of the FDCPA impacted Plaintiff's credit score and her credit reputation.

11.     Furthermore, § 1692e(8) of the FDCPA's command that a debt collector must communicate that a disputed debt is disputed is rooted in the common law principles of defamation/fraud, namely that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information -- that the debt is disputed.

12.     All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13.     Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Kalebaugh v. Berman & Rabin, P.A., 43 F.Supp.3d 1215, 1220-1222 (D.Kan. 2014); Covington v. Franklin Collection Servs., 2016 U.S.Dist.LEXIS 103601 at [*5]-[*6] (D.Kan 2016).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False or Misleading Representations**

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("… the following conduct is a violation of this section … including the failure to communicate that a disputed debt is disputed …"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

16.     Defendant, by continuing to report the debt to credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

17.     Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692f of the FDCPA prohibits a debt collector from using any

4

unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

20.     Defendant, by continuing to report the debt to credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

21.     Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Imani McCleveland, prays that this Court:

1.     Find that Defendant's collection practices violate the FDCPA;

2.     Enter judgment in favor of Plaintiff McCleveland, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Imani McCleveland, demands trial by jury.

Imani McCleveland,

By: s/ James R. Crump
One of Plaintiff's Attorneys

By: s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: February 18, 2022

James R. Crump  (#78704)
Ryan M. Callahan   (#25363)
Callahan Law Firm, LLC
222 West Gregory
Suite 210
Kansas City, Missouri 64114
(816) 822-4041
james@callahanlawkc.com
ryan@callahanlawkc.com

David J. Philipps      (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps      (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com